## In re MEDICAL WASTE SERVICES ANTITRUST LITIGATION

### No. 1546.

Judicial Panel on Multidistrict Litigation.

Aug. 13, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### *TRANSFER ORDER*

WILLIAM TERRELL HODGES, Chairman.

This litigation currently consists of the two actions each in the District of Arizona and the District of Utah and one action each in the District of Colorado and the District of New Mexico as listed on the attached Schedule A.[1] Before the Panel is

---

**1.** In addition to the actions presently before the Panel, the parties have identified one related action pending in the District of Ari- zona. This action and any other related ac- tions will be treated as potential tag-along

a motion, pursuant to 28 U.S.C. § 1407, brought by defendants Stericycle, Inc.; BFI Waste Systems of North America, Inc.; and Allied Waste Industries, Inc. for coordinated or consolidated pretrial proceedings of the actions in the District of Utah. Plaintiffs in the five putative class actions before the Panel support the motion, but suggest the District of Colorado as transferee district. Plaintiff in the remaining District of Utah action seeks exclusion from any multidistrict litigation proceedings; alternatively, this plaintiff seeks a recommendation from the Panel that the action be given a separate discovery plan in the transferee court.

■ On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the District of Utah will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions allege violations of federal antitrust laws with respect to medical waste services in Arizona, Colorado, New Mexico and Utah. Whether the actions be brought by generators of medical waste which purchased collection, transportation, disposal and other services from the defendants or by competitors of the defendants, which purchased incineration services from the same defendants, all MDL–1546 actions can be expected to focus on a significant number of common events, transactions, defendants, and/or witnesses. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

The concerns of the objecting plaintiff that Section 1407 centralization, and the class certification issues of the other actions, will somehow retard the pace at which his claims are litigated should be addressed to the transferee judge, who may establish separate tracks for discovery and motion practice in any constituent MDL–1546 action or actions, whenever he concludes that such an approach is appropriate. Accordingly, we leave the degree of coordination or consolidation of this action with the other actions to the discretion of the transferee judge.

■ The District of Utah stands out as an appropriate transferee forum for this litigation. This is the suggested transferee district in which i) more than one action is pending; ii) the only action now before the Panel brought as an individual action for antitrust claims related solely to the Utah incineration facility is pending; and iii) the attorney general of the state investigated the alleged antitrust conduct at issue and reached a settlement with the defendants. Utah is also the location of the primary incineration facility at issue in all actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Utah are transferred to the District of Utah and, with the consent of that court, assigned to the Honorable Dale A. Kimball for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–1546—In re Medical Waste Services Antitrust Litigation*

*District of Arizona*
*Inter–Care Medical Associates, Ltd. v. Stericycle, Inc., et al.,* C.A. No. 2:03–161

actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L.,

199 F.R.D. 425, 435–36 (2001).

*Arizona Eye Center v. Stericycle, Inc., et al.,* C.A. No. 2:03–611

*District of Colorado*
*Comprehensive Addiction Treatment Services, Inc, et al. v. Stericycle, Inc., et al.,* C.A. No. 1:03–493

*District of New Mexico*
*Mark Haas, D.P.M., etc. v. Stericycle, Inc., et al.,* C.A. No. 1:03–440

*District of Utah*
*Russ W. Johnson, etc. v. Stericycle, Inc., et al.,* C.A. No. 1:03–28
*Thomas W. Sorensen v. Stericycle, Inc., et al.,* C.A. No. 2:03–179